UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

SHARMINE F. BROWNE,

                                    Plaintiff,

                    -against-

ARROW SECURITY; KRISTEN
HILDEBRANT,

                                    Defendants.

---

1:24-cv-09788 (JLR)

**ORDER OF SERVICE**

JENNIFER L. ROCHON, United States District Judge:

Plaintiff, who is proceeding *pro se*, brings this action under the Age Discrimination in Employment Act of 1967 (ADEA), 29 U.S.C. §§ 621-634.  *See* Dkt. 1 ("Compl.").  The complaint can also be construed as asserting claims under the New York State Human Rights Law, N.Y. Exec. Law §§ 290 to 297, and the New York City Human Rights Law, N.Y.C. Admin. Code §§ 8-101 to 131.  Plaintiff contends that her former employer discriminated against her based on her age.  *See generally id.*  By order dated December 20, 2024, the Court granted Plaintiff's request to proceed *in forma pauperis* (IFP), that is, without prepayment of fees.  *See* Dkt. 5.

**STANDARD OF REVIEW**

The Court must dismiss an *in forma pauperis* complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998).  The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction of the claims raised. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to

construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret

them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470

F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in

original).  But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its

limits — to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of

Civil Procedure, which requires a complaint to make a short and plain statement showing that the

pleader is entitled to relief.

## DISCUSSION

### A.    Individual Defendant

The ADEA does not provide for liability on the part of individual defendants.  *See Cherry*

*v. Touissant*, 50 F. App'x 476, 477 (2d Cir. 2002) (summary order) ("[W]e affirm the dismissals

for the reasons stated by the district court, namely, that the ADEA precludes individual

liability."); *Parker v. Metro. Transp. Auth.*, 97 F. Supp. 2d 437, 452 (S.D.N.Y. 2000) ("[A]n

individual defendant may not be liable under the ADEA.").  By contrast, under the New York

State Human Rights Law, an individual "who actually participates in the conduct giving rise to

the discrimination claim may be held personally liable." *Tomka v. Seiler Corp.*, 66 F.3d 1295,

1317 (2d Cir. 1995); *Feingold v. New York*, 366 F.3d 138, 158 n.19 (2d Cir. 2004).

Here, Plaintiff lists "Kristen Hildebrant (Arrow Security)" as a defendant on page two of

the complaint, Compl. at 2, but she does not otherwise mention this individual in the body of the

complaint.[1]  Plaintiff thus fails to state a claim on which relief can be granted against Defendant

---

[1] Plaintiff may have listed Hildebrant as a defendant because the Equal Employment
Opportunity Commission's Notice of Right to Sue was copied to Arrow Security in care of
Kristen Hildebrant.  Compl. at 25.

Hildebrant, and the claims against Defendant Hildebrant are dismissed, without prejudice to repleading in any amended complaint that Plaintiff may file.

**B.    Service on Defendant Arrow Security**

Because Plaintiff has been granted permission to proceed IFP, she is entitled to assistance from the Court and the U.S. Marshals Service to effect service.[2] *Walker v. Schult*, 717 F.3d. 119, 123 n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the Marshals Service to serve if the plaintiff is authorized to proceed IFP)).

To allow Plaintiff to effect service on Defendant Arrow Security through the U.S. Marshals Service, the Clerk of Court is instructed to fill out a U.S. Marshals Service Process Receipt and Return form (USM-285 form) for Defendant.  The Clerk of Court is further instructed to issue a summons and deliver to the Marshals Service all the paperwork necessary for the Marshals Service to effect service upon Defendant.

If the complaint is not served within ninety (90) days after the date the summons is issued, Plaintiff should request an extension of time for service.  *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service).

Plaintiff must notify the Court in writing if her address changes, and the Court may dismiss the action if Plaintiff fails to do so.

---

[2]Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that a summons be served within 90 days of the date the complaint is filed, Plaintiff is proceeding IFP and could not have effected service until the Court reviewed the complaint and ordered that any summonses be issued. The Court therefore extends the time to serve until 90 days after the date any summonses issue.

**CONCLUSION**

Plaintiff's claims against Defendant Hildebrant are dismissed for failure to state a claim

on which relief can be granted, without prejudice to refiling.  The Clerk of Court is directed:

(1) to mail an information packet to Plaintiff; and (2) to issue a summons for Defendant Arrow

Security, complete the USM-285 form with the address for Defendant, and deliver to the U.S.

Marshals Service all documents necessary to effect service.

SO ORDERED.

Dated:    December 23, 2024
          New York, New York

_____
JENNIFER L. ROCHON
United States District Judge

**SERVICE ADDRESS FOR EACH DEFENDANT**

1.      Arrow Security
      247 West 35th Street, Mezzanine Level
      New York, NY 10001